IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM CURTIS JONES | § | |
| VS. | § | CIVIL ACTION NO. 1:21-cv-514 |
| STATE OF TEXAS, ET AL. | § | |

ORDER

Pending before the court is Petitioner's Amended Petition (ECF No. 37). Petitioner seeks to amend the above-styled petition for writ of habeas corpus to add alleged violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Interpreted liberally, petitioner's filing is construed as a motion for leave to amend his petition.

Fed. R. Civ. P. 15(a) provides in pertinent part:

(1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

The respondent filed his response to the petition on March 8, 2022. Accordingly, petitioner's amended petition was due on or before March 29, 2022. Petitioner did not filed the motion to amend until November 16, 2023. Accordingly, plaintiff must have leave of court to amend his pleading. Further, petitioner seeks to add claims which occurred after this petition was filed. Thus, it is also interpreted as a motion to file a supplemental pleading.

Federal Rule of Civil Procedure 15 gives the Court discretion to allow a party to file an amended or supplemental pleading. In exercising its discretion, the Court must consider the following factors: 1) whether permitting the pleading will cause undue delay in the proceedings or undue prejudice to the nonmovant, 2) whether the movant is acting in bad faith or with a dilatory

motive, 3) whether the movant has previously failed to cure deficiencies by prior pleadings, or 4) if the proposed pleading is futile because it adds nothing of substance to the original pleadings or is not germane to the original cause of action. *United States ex rel. Willard v. Humana Health Plan*, 336 F.3d 375, 386-87 (5th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) ); *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983).

Petitioner seeks leave to amend and change this petition to include civil rights claims and add as defendants parties not currently in this action. Petitioner filed his petition more than three years before his current motion attempting to amend the petition and add civil rights claims. Allowing petitioner to amend and supplement the petition would cause undue delay in this action. Further, petitioner attempts to add civil rights claims not germane to the original petition for writ of habeas corpus. Finally, petitioner's proposed amended complaint is 161 pages in length and totals 507 pages in length with exhibits. This grossly exceeds the page limit set forth in Local Rule 3(c).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." With respect to civil rights lawsuits, Eastern District of Texas Local Rule 3(c) provides a page limit of 30 pages, excluding attachments. Plaintiff did not seek leave to exceed the page limit, nor has he shown good cause for exceeding the page limit. Therefore, the amended pleading should be stricken from the court's docket. *See Barnes v. Tumlinson*, No. 14-50350, 597 F. App'x 798, 798-99 (5th Cir. 2015)(holding that the district court had discretion to limit pleadings to 30 pages).

For the reasons set forth above, petitioner's motion for leave to amend his petition (ECF No. 37) should be denied and the proposed amended petition stricken from the docket in this action. It is therefore

**ORDERED** that petitioner's motion for leave to amend his petition (ECF No. 37) is **DENIED** and the proposed amended petition is **STRICKEN** from the docket in this action.

SIGNED this 21st day of November, 2023.

_____
Zack Hawthorn
United States Magistrate Judge

2